# CHARLESTON.

E. L. Roberts *et al. v.* B. E. Lykins

(No. 6295)

Submitted October 23, 1928.   Decided October 30, 1928.

*Osenton & Lee,* for plaintiffs in error.
*Hubard & Bacon,* for defendant in error.

LIVELY, PRESIDENT:

E. L. Roberts and H. A. Carper obtained a verdict and judgment against B. E. Lykins for $1,425.00 on February 16, 1928, from which Lykins prosecutes error.

In 1921 E. L. Roberts, defendant B. E. Lykins and his brother S. D. Lykins (since deceased) were equal partners in a mercantile business in Mount Hope, Fayette county, and occupied a store room leased by S. D. Lykins from Mrs. Bailey at $50.00 per month. On April 22, 1924, E. L. Roberts and H. A. Carper purchased the interests of the two Lykins for $8,000.00 and assumed the indebtedness of the concern, evidenced by a writing signed by the parties. The controversy is over the rents which Roberts and Harper were subsequently required to pay and did pay for a store room in which to conduct the business. Three or four weeks after the purchase of the Lykins' interests, Mrs. Bailey increased the rent from $50.00 to $100.00 per month. A written lease had been executed by her to S. D. Lykins but was lost. Plaintiffs Roberts and Harper claimed that the lease was purchased by them, was represented by B. E. Lykins as a part of the assets of the partnership, and that B. E. Lykins, defendant, further represented to them that the lease had an unexpired term of about two and a half years. Lykins denies that he made such representation, or that the lease went as a part of the assets; on the contrary that it was understood that plaintiffs should take a new lease from Mrs. Bailey. An attempt was made to get a new lease from her by all parties at the time the sale was completed. In about thirty days after the sale Mrs. Bailey presented a new lease at $100.00 per month, which plaintiffs refused to sign, and after remaining in the store room for several months and paying the increase, plaintiffs removed their store to another building, where they were required to pay $100.00 per month, and brought this suit against B. E. Lykins (S. D. Lykins being dead) to recover the increase in the rent so paid by them for a period of 28½

months, being the unexpired term of the lease they purchased and did not get.

Plaintiffs claimed that the original lease was for five years, as they understood, and had an unexpired term of, at the time of their purchase of Lykins' interest, of about two and a half years; and was represented to them to be a part of the assets sold. One witness, Mrs. Bailey the lessor, says the lease (which was lost) was executed about April or May, 1921, for a term of three years, which would make it expire in April or May, 1924, about the time of the purchase of the Lykins' interests on April 22, 1924. Neither Roberts nor defendant ever saw the lease. However, plaintiff Roberts and defendant went to Mrs. Bailey just before the contract of sale was signed with a written contract of lease on the same terms as the old one, to be executed by her until such a time as her attorney could prepare a proper lease carrying the same rent as then in force. This lease contract, which in terms was to lease the room on the same terms and conditions as the then existing lease until her attorney could prepare a proper lease, and that the lease so prepared should cover the same property at the same rent, was not executed by her. But the parties, notwithstanding her refusal to sign the temporary paper, binding her to give a lease at the then rate of rent, entered into the written contract of sale and purchase above set out by which defendant B. E. Lykins, and S. D. Lykins (now deceased) sold their *interest* in the "men's shop" for $8,000.00, plaintiffs assuming all indebtedness of the partnership. Defendant claims that plaintiffs relied upon the promise of Mrs. Bailey that she would give them a lease; while plaintiffs claim that while they sought a lease or "binder" from her, they relied upon their purchase of the unexpired lease from defendant and S. D. Lykins. This controversy was submitted to the jury by instructions and decided in plaintiffs' favor.

The first count in the declaration embraces the common counts in assumpsit, while the second count charges that defendant B. E. Lykins represented to plaintiffs in the negotiations and sale to them of his and his brother's interest in the partnership that he had a lease at $50.00 per month on the

store room from Mrs. Bailey on which lease there was an unexpired balance of term of about two and a half years, which would be included in the sale, as one of the assets of the business, and which he would assign and have transferred to them; and relying upon such representation, and treating and deeming the alleged lease as a part of the assets of the concern, they made the purchase and paid the purchase price, but that defendant failed and refused to carry out his agreement and representation, wherefore they were required to pay and did pay an increased rental of $50.00 for the remainder of the term of the alleged lease, (about 28 months). The substance of this count is that defendant breached his agreement to assign and have transferred to plaintiffs a lease extending for about two and a half years, which he represented as a part of the assets plaintiffs were purchasing from him, whereby they were damaged to the extent of the increase in rent they had to pay for the alleged unexpired term. There was no demurrer interposed.

As above set out, by the evidence of Mrs. Bailey, the only person who testified to the contents of the lost lease, it appears that the lease was only for three years and expired about the time of the contract of April 14, 1924. Defendant Lykins denied that he at any time, or that his brother in his presence, represented to plaintiffs or either of them, that there was an unexpired lease on the store room. His evidence is to the effect that when the lease was mentioned in the negotiations he referred plaintiffs to Mrs. Bailey for a lease, and that they then attempted to get a lease at $50.00, or a "binder", and failed. While on the other hand, both Carper and Roberts say that defendant represented to them before they purchased that, "We have five years on the building with 2½ years expired, and if you buy the business the unexpired term goes with it." They say they insisted on having the lease exhibited before closing the deal and defendant informed them that his brother had it in Kentucky and he would get it in a few days; and that the effort to get a "binder" from Mrs. Bailey was to protect them until they could get the lease from Kentucky. They are corroborated by Feazell (who drew the contract of sale, and the "binder") in that regard.

He says Lykins and Roberts were present when he drew this "binder", and they "were trying to draw up some kind of paper to get Mrs. Bailey to sign to take care of transferring the lease, until the lease could be secured from Dr. Lykins who was then in Kentucky. S. D. Lykins original lease." Here was a sharp conflict in the evidence as to whether plaintiffs purchased a lease represented to them to run two and a half years longer, and were relying on that purchase, or whether they were relying upon getting a lease from Mrs. Bailey. On this conflict of evidence the jury was instructed. Plaintiffs' instruction No. 5 told the jury:

"The court instructs the jury that if you believe from the evidence in this case that the defendant, B. E. Lykins, obligated himself to have assigned to the plaintiffs the lease represented to be held by S. D. Lykins for the unexpired period thereof and represented that such unexpired period was approximately two and one-half years, and obligated himself to secure the consent of Mrs. Bailey to such assignment, then you are instructed that the defendant was not released from such obligation by any conversation had by the plaintiffs or either of them with Mrs. Bailey unless you further find that the result of such conversation was that plaintiffs relied upon the promise of Mrs. Bailey towards the plaintiffs with respect to such lease and that such obligation was accepted by the plaintiffs in the place of the obligation of the defendant."

And defendant's instruction No. 8 told the jury:

"The court instructs the jury that if you believe from the evidence that pending the negotiations for the sale of the defendant's interest in the mercantile business known as the "Men's Shop" the defendant informed the plaintiffs that the lease on the premises occupied by said business had either terminated or was non-assignable and that it would be necessary for the plaintiffs to arrange with Mrs. Bailey, the owner, for a new lease and that the plaintiffs did make such arrangement with Mrs. Bailey and relied thereon in purchasing said interests then the jury is in-

structed that the plaintiffs cannot recover in this case and they should return a verdict for the defendant.''

It is urged that it was error to permit evidence of conversations between plaintiffs and defendant pending negotiations for the sale with reference to the lease and its unexpired term prior to the execution of the contract, on the well known rule that the contract is deemed to be the depository of the agreement, and cannot be varied or changed by oral evidence as to what was said or done pending the contract, as exemplified in *Howell* v. *Behler,* 41 W. Va. 610. The object of this evidence was not to change the effect of the written contract. It was admissible to show what was included in the ''interest'' of the Lykins brothers in the partnership. What did they sell when they sold their *interest* in the partnership? That term is uncertain in this contract, and oral testimony was permissible to show what it meant. Here was a latent ambiguity, and for the purpose of arriving at the correct intention of the parties, parol evidence is admissible, not for the purpose of adding to, contradicting or varying the plain terms of the writing, but for the purpose of explaining that which is ambiguous; and where, as here, a latent ambiguity appears even the parol declarations made, at the time of and prior to the execution, are admissible to show what was intended to be included in the ''interest'' of the Lykins brothers in the partnership. *Belcher* v. *Coal Co.,* 68 W. Va. 716, citing *Johnson* v. *Burns,* 39 W. Va. 658; 4 Wigmore Ev., sec. 2472; *Brent* v. *Richards,* 2 Grat. (Va.) 539; *Tuley* v. *Barton,* 79 Va. 387; and *Maynard* v. *Reader* (Ga.), 23 S. E. 194. The court instructed the jury that this evidence should only be considered by them in ascertaining what defendant and his brother had agreed to sell as a part of their interest in the business. It must be remembered that this suit is against B. E. Lykins for representing that he had a certain lease which belonged to the partnership in which he was selling an interest, and that the lease was included as a part of the thing sold, whereas, it appears that he, in fact, had no such lease, wherefore plaintiffs were damaged. He says he made no such representation. The acts and con-

versations of the parties in their efforts to procure the lease from S. D. Lykins in which he participated subsequent to the contract, and after Mrs. Bailey had demanded an advance under a new lease, were admissible to show that he did make such representation, and that plaintiffs were relying thereon. There is no doubt that defendant (if he made the representation) thought there was a lease in existence for two and one-half years unexpired term and did not fraudulently make the representation. He made a representation which he believed to be true. But if it was untrue (if he made it, and the jury found that he did) and plaintiffs relied thereon to their damage, they are entitled to recover. Intentional fraud is not necessary to the recovery.

We next come to the instructions. They are practically the same as were given in the former trial, and which were before this Court on the former appeal. *Roberts* v. *Lykins,* 102 W. Va. 409. In that decision we said that though the instructions were not entirely free from error, we found no sufficient error for which we would go to the extent of reversing the case because of the giving of any on behalf of the plaintiffs, or in refusing certain instructions offered by defendant. There was one instruction on which the case was reversed because there was no evidence to support it. That error was eliminated in this trial. On the whole, we found before that the law of the case was given to the jury in the instructions, not entirely free of error, but free from reversible error. We are bound by that conclusion. It is the ''law of the case''. *Pennington* v. *Gillaspie,* 66 W. Va. 643. A word would not be amiss on defendant's instructions to the effect that if they found the lease in question to S. D. Lykins was a partnership asset, then plaintiff E. L. Roberts as a member of the firm would own one-third interest, and if plaintiffs required any additional interest by reason of the contract of purchase it would only be a two-thirds undivided interest. There was no contention that the lease was a part of the assets. The contention of plaintiffs was that the lease was represented to them as a part of the assets, and they never got it as promised by defendant; and from Mrs. Bailey's testimony, the only witness in that regard, it appears that the

lease had expired about the date of the sale. The evidence was entirely insufficient on which a finding of the jury that the lease was a part of the assets, could be based.

Under our former decision we found no reversible error in the instructions (with the exception noted), and being of the opinion that the issues under the evidence were fairly presented by the instructions on this trial, the judgment will be affirmed.

*Affirmed.*