# CHARLESTON

## Johnson v. Gould.

Submitted June 14, 1907.    Decided November 19, 1907.

1. Appeal—Remand—Law of the Case.

   A circuit court has no power, in a cause decided by the Appellate Court, to re-hear it as to any matter so decided, and, though it must interpret the decree or mandate of the Appellate Court, in entering orders and decrees to carry it into effect, any decree it may enter that is inconsistent with the mandate is erroneous and. will be reversed.  (p. 600.)

2. Same—Modification of Decree.

   A decision of the Appellate Court, declaring the right of the owner of land, on which there is a spring of water, to have the

spring supplied from the land of an adjoining proprietor, to the extent of the natural flow of water therefrom, and remanding the cause for such proceedings as may be necessary to carry the decision into effect, cannot be modified by the court below so as to give the spring owner only the quantity of water afforded by the flow on a given date. (ı . 601.)

Appeal from Circuit Court, Wood County.

Bill by Nannie K. Johnson against Fannie M. Gould and others. . From a decree, plaintiff appeals.

*Modified and Affirmed.*

DAVE D. JOHNSON, for appellant.

WM. BEARD, for appellee Fannie M. Gould.

POFFENBARGER, JUDGE:

After the chancery cause of *Johnson* v. *Gould*, decided by this Court, February 20, 1906, and reported in 60 W. Va. 84, had been remanded to the circuit court of Wood county, and the mandate entered there, a decree was prepared by the counsel for Mrs. Johnson, and presented to the court for entry. Thereupon, counsel for Mrs. Gould objected to the entry thereof, on the ground that it did not conform to the mandate and opinion of this Court, and the court modified it, before allowing it to be entered. Feeling that the decree so entered did not give her the full measure of relief to which she is entitled, as determined by the decision of this Court, Mrs. Johnson has appealed.

The mandate required such decree or decrees of the lower court as should, among other things, " be necessary to carry into effect the principles stated and directions given in the written opinion" filed. In the conclusion of the opinion, it is said: "She (Mrs. Johnson) is entitled to an injunction against the maintenance by Mrs. Gould of the new spring, the tunnel or ditch, and all other constructions made by her, in so far only as the same materially interfere with, impair or destroy the easement to which Mrs. Johnson is entitled for her land. Mrs. Johnson under the circumstances of this case is also entitled to have the land of Mrs. Gould restored to the condition in which it was at the time of the partition, if that can be done, (except where such condition has

been changed by natural causes,) so far as necessary to restore the natural issuance or flow of water therefrom supplying the old spring."

The decree as prepared and tendered by counsel for Mrs. Johnson seems to conform in all respects to the terms and import of the quoted portion of the opinion and that portion harmonizes with the stated principles and conclusions preceding it. The modification complained of consists of the insertion, at several places, of the qualifying phrase, "to the extent and in the quantity that flowed at the time of such partition" or the equivalent thereof, the effect of which is to prevent Mrs. Johnson from having restoration of the spring with the full quantity of water it will naturally flow, and limit her to so much water as did flow into the spring at the time of the partition. The two propositions are vastly different. No doubt the quantity of water afforded by the spring varies with the seasons and the changes of the weather. This Court had before it no means of ascertaining the quantum of the flow at the date of the partition or any other time, and the case was fully made up and finally decided here, and remanded not for new pleadings and evidence on the merits, or a decree predicated upon some theory, differing from that stated in the opinion. Plainly the former decision required the restoration of the spring, with all its natural flow, if that be reasonably practicable, and, if not, then as nearly as possible, and the right of Mrs. Gould to maintain the new spring on her land and give Mrs. Johnson the mere overflow was most emphatically denied. The attempt of the court below to so limit Mrs. Johnson's right was the very ground of complaint on the former appeal, and the opinion expressly says the natural issuance and flow of water to the old spring cannot be materially impaired or interrupted by Mrs. Gould.

No inquiry as to the soundness of the former decision herein can now be prosecuted. Right or wrong, it is the law of the case. Its binding force lies not in the rule *stare decisis*, but in the principle *res judicata*. It is a decision in the same case, forever and irrevocably determining the rights of the parties. No court now has any power or control over it other than the ascertainment of the intent and meaning of the decision, from the terms of the mandate,

in entering such decrees as are necessary to carry it into effect.

For the reasons stated, we are clearly of the opinion that the decree now complained of varies from the requirements of the mandate. Therefore, it will be modified by striking from the third, fourth, fifth and sixth paragraphs thereof, the parenthetical phrase " to the extent that said lands of Mrs. Gould did supply the old spring at the time of the partition aforesaid," and " to the extent of permitting the original supply to the old spring as aforesaid" and all others of like and similar tenor and import; and as so modified the decree will be affirmed and the cause remanded for such further proceedings as may be necessary to carry into effect said decree as modified and affirmed, as well as the former decision of this Court in this cause.

*Modified and Affirmed.*