687 S.E.2d 123

Robert J. ZALESKI, M.D., Plaintiff
Below, Appellee,

v.

WEST VIRGINIA MUTUAL INSURANCE
COMPANY, formerly known as West
Virginia Physicians Mutual Insurance
Company, a Corporation, Defendant Be-
low, Appellant.

No. 34620.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 9, 2009.

Decided Nov. 17, 2009.

D.C. Offutt, Jr., David E. Rich, Offutt, Fisher & Nord, Huntington, WV, for Appellant.

James F. Companion, Yolanda G. Lambert, Schrader, Byrd & Companion, Wheeling, WV, for Appellee.

PER CURIAM:

This case is before the Court for a second time. The underlying matter involves an Ohio County Circuit Court action brought by Dr. Robert J. Zaleski [hereinafter "Dr. Zaleski"], an orthopedic surgeon, following the decision of the West Virginia Mutual Insurance Company [hereinafter "the Mutual"] to

deny renewal of Dr. Zaleski's medical malpractice insurance coverage.

In the previous appeal, the Mutual appealed the circuit court's grant of partial summary judgment to Dr. Zaleski and the denial of the Mutual's motions seeking dismissal of the case or for summary judgment. Therein, we considered the issue of whether the circuit court erred in finding that the Mutual is a "state actor" for the purposes of affording its policyholders procedural due process upon review of policy renewal determinations. We affirmed the circuit court's ruling granting partial summary judgment to Dr. Zaleski and determined that the Mutual is a state actor, and thus, held that physicians who have been afforded the benefit of medical liability insurance coverage through the Mutual are entitled to due process protection in seeking review of any non-renewal decision made by the company. In so holding, we reversed the circuit court's denial of the Mutual's dismissal motion and order to reinstate insurance coverage, and remanded the case to the circuit court with directions to (1) remand the question of non-renewal to the Mutual for further hearing in conformity with this Court's opinion, and (2) conduct such further proceedings not inconsistent with the Court's opinion as may be required, including the resolution of any disputes which may arise in the course of the Mutual hearing on non-renewal.

The current matter now before the Court involves the Mutual's appeal of a subsequent order of the circuit court following our decision in *Zaleski v. West Virginia Physicians' Mutual Ins. Co.*, 220 W.Va. 311, 647 S.E.2d 747 (2007) [hereinafter "*Zaleski I*"], entered on April 14, 2008, denying the Mutual's Motion for Reconsideration of its Motion to Dismiss, or in the Alternative Motion for Summary Judgment and also denying the Mutual's Motion for Entry of Order Granting Motion to Dismiss Pursuant to Rule 12(b)(6), the Mutual's Motion for Entry of Order Remanding the Non-renewal to the Mutual for Further Hearing and the circuit court's *sua sponte* amendment of the Mutual's non-renewal hearing procedures. Specifically, the parties now dispute whether the circuit court was required, by virtue of our prior mandate in *Zaleski I*, to grant the Appellant's motion to dismiss, and whether the circuit court maintained jurisdiction following remand to address the actual content of the Mutual's due process hearing procedures for non-renewing coverage prior to sending the matter back to the Mutual for hearing. For the reasons stated below, we affirm in part, and reverse in part, the rulings of the circuit court and remand the matter with directions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A brief recitation of the underlying facts follows.[1] Dr. Zaleski purchased a professional liability policy from the West Virginia Board of Risk and Insurance Management [hereinafter "BRIM"] providing coverage for claims he made during the period from December 22, 2001 to December 22, 2004. After Dr. Zaleski's BRIM policy was transferred to the Appellant along with all other BRIM policies[2], the Appellant reviewed his prior loss experience and professional training record and determined that Dr. Zaleski represented an unacceptable underwriting risk. On September 8, 2004, the Mutual notified Dr. Zaleski by a certified letter that his existing medical liability insurance policy would not be renewed upon its original termination date of December 22, 2004.[3] The notification letter did not state any reasons for the non-renewal. Thereafter, Dr. Zaleski notified the Mutual that he wished to appeal

---

1. The facts and circumstances surrounding the underlying action are more thoroughly discussed in our prior opinion in *Zaleski I*.

2. The Mutual is a West Virginia domestic, private, nonstock, nonprofit corporation formed in 2004 for the purpose of temporarily alleviating the "medical liability insurance crisis" by creating programs to provide medical liability coverage through BRIM. W. Va.Code § 33–20F–2 [Repl. Vol. 2003]. The Mutual accepted the transfer of all existing BRIM medical liability policies on July 1, 2004.

3. It is undisputed that pursuant to W. Va.Code § 33–20F–9(f)(4)[Repl. Vol. 2006], the Mutual had the right to decline to renew the policies of physicians whose prior loss experience or current training and capabilities created an unacceptable risk.

the non-renewal decision. In response to Dr. Zaleski's request, the Mutual designated a hearing date and notified Dr. Zaleski that the hearing would be limited to fifteen minutes in duration.[4] Dr. Zaleski attended the appeal hearing on November 11, 2004, and presented evidence to the Committee and responded to questions. The hearing was not stenographically recorded. The following day, the Mutual called Dr. Zaleski and informed him that the decision to deny renewal was upheld. Dr. Zaleski was also given this same information by way of certified letter dated November 12, 2004. Dr. Zaleski was never advised of any right to appeal the Mutual's decision.

Following receipt of this information, Dr. Zaleski requested, by letter dated November 30, 2004, a detailed explanation of why the insurance policy would not be renewed. He also filed a formal complaint with the West Virginia Insurance Commissioner. The Mutual responded to the complaint stating that its reason for denying renewal was because of the "frequency of lawsuits in his history."[5] Upon receipt of the Mutual's response, the Insurance Commissioner determined that no action would be taken against the Mutual, stating that it did not appear that the Mutual had violated any applicable statute or rule regarding non-renewal of the doctor's policy. The notification did not provide Dr. Zaleski any information regarding his right to seek judicial review of the Insurance Commissioner's determination through the circuit court.

Following the determination of the Insurance Commissioner, Dr. Zaleski filed the instant action against the Mutual, alleging that the Mutual's non-renewal of his malpractice insurance policy amounted to breach of the covenant of good faith and fair dealing, arbitrary and capricious conduct, breach of fiduciary duty, intentional infliction of emotional distress and negligent infliction of emotional distress. The Mutual filed a Motion to Dismiss or, In the Alternative, for Summary Judgment which alleged that it did not have a duty to renew Dr. Zaleski's insurance policy, and even if its decision to deny renewal was done in an arbitrary and capricious manner, "West Virginia law does not recognize an independent cause of action for arbitrary and capricious conduct on behalf of private entities." Dr. Zaleski filed a cross-motion for summary judgment claiming that the Mutual was a quasi-public agency whose decisions denying renewal of professional liability policies were subject to review under due process standards, and that he was denied proper procedural due process.

On August 5, 2005, the circuit court held a hearing on the Mutual's motion. Thereafter, on September 22, 2005, the circuit court denied the Mutual's motion and granted Dr. Zaleski partial summary judgment, finding that the Mutual was a state actor. In that order, Judge Recht found that the procedural due process offered by the Appellant to Dr. Zaleski "at best shallow and at worst a sham."[6] The circuit court directed the Mutual to submit a procedure which would afford due process to policyholders appealing non-renewal decisions. Under protest, but pursuant to the lower court's direction, the

---

4. The written description of the appeal process provided by the Mutual to Dr. Zaleski stated that 1) coverage was declined by underwriting; 2) an appeal was requested by the Physician; 3) the Physician was requested to make a brief statement to the Underwriting Committee, could ask questions of the Committee, and could entertain questions from Committee members; 4) the Committee would review the application for coverage and the information gathered during the appeal and make a decision immediately following the Physician's appearance before the Committee; and 5) the Physician would receive a telephone call from a representative of the Committee the day following the appeal and a follow-up letter by mail.

5. This included nineteen medical malpractice claims during twenty-five years of practice, total-

ing payment of over $2,000,000.00 in indemnity settlements.

6. Later, during a hearing conducted on November 15, 2005, Judge Recht commented regarding his characterization of the Appellant's hearing procedures.

> The Court: I did—maybe I got carried away—that's maybe the only fun you have as a judge—where I said that the procedural due process offered by defendant was shallow at best and sham at worst. That probably was going a little too far. I apologize. But it just felt …
>
> Mr. Johnson: You said that kind of low. I don't know if the court reporter—
>
> The Court: Well, she knows what to take down and what not to.

Mutual filed a mechanism for review of non-renewal decisions on January 16, 2006. It also included various objections regarding the circuit court's order.[7] The circuit court entered a final appealable order on April 27, 2006, wherein it reaffirmed the conclusion that the Mutual is a state actor, and thus, Dr. Zaleski was entitled to the same due process safeguards outlined in W. Va.Code § 33–2–13 (1957).[8] The circuit court found that the Mutual failed to afford Dr. Zaleski due process, and therefore directed the reinstatement of insurance coverage to Dr. Zaleski, setting the issue of damages for trial.

On August 25, 2006, the Mutual filed a Petition for Appeal before this Court which was granted on November 28, 2006. We issued our written opinion on June 27, 2007, wherein we affirmed the circuit court's finding that the Appellant was a state actor for the purposes of a physician seeking renewal of his professional liability insurance and Dr. Zaleski was entitled to due process protection of his property interest in that liability policy. We held that the Mutual was required to make available to parties affected by its non-renewal decisions a review process that minimally includes: notice of the non-renewal which conforms with the requirements of W. Va.Code 33–20C–4(a) and which includes the reasons for non-renewal; hearing before an unbiased hearing examiner; reasonable time in which to prepare to rebut the charges; opportunity to have retained counsel at any hearings on the charges; opportunity to present relevant evidence which includes calling and cross-examining witnesses; and preservation of an adequate record of the review proceedings. We then remanded the case with direction to the circuit court to remand the matter to the Mutual in accordance with *Barazi v. West Virginia State College*, 201 W.Va. 527, 498 S.E.2d

720 (1997),[9] to conduct a review process on the non-renewal decision which conforms with the standards we set forth. Specifically, we stated:

> In summary, we affirm the lower court's grant of partial summary judgment to Dr. Zaleski on state action grounds, but reverse the lower court's denial of Mutual's dismissal motion and order to reinstate insurance coverage. Therefore, the case is remanded to the Circuit Court of Ohio County with directions for that court to: (1) remand the question of non-renewal to Mutual for further hearing in conformity with this opinion, and (2) conduct such further proceedings not inconsistent with this opinion as may be required, including the resolution of any disputes which may arise in the course of the Mutual hearing on non-renewal.

Following the issuance of this Court's opinion, Judge Recht set a status conference for September 7, 2007. On September 6, 2007, Appellant submitted the hearing procedures to Dr. Zaleski's counsel. On September 7, 2007, the parties met for a scheduling conference, wherein Dr. Zaleski was given a deadline to object to the Mutual's Hearing Procedures for Non–Renewal. According to the Appellant, this was done over its objection because it believed that an evaluation of the procedures was outside of the jurisdiction of the Court on remand and that the matter was not ripe for consideration by the circuit court.

On September 21, 2007, Dr. Zaleski filed a Response to the Appellant's review process, expressing his objections to its content. Dr. Zaleski raised three concerns with the Mutual's procedure: 1) the physician, rather than the Mutual, would bear the burden of proof; 2) the section titled "Finality of Appeal Hearing, Findings of Fact and Conclusions of

---

7. The objections included lack of subject matter jurisdiction; improper consideration of claims not asserted in the complaint; grant of relief not requested and not the product of evidentiary hearing; improper ruling that the Mutual was a state actor; and the review performed in Dr. Zaleski's case satisfied all due process concerns.

8. West Virginia Code § 33–2–13 [Repl. Vol. 1990] sets forth a procedure to be used by the Insurance Commissioner to review allegations

involving any act, omission, rule, regulation or order of the Commissioner.

9. *See Syl. Pt. 4, Barazi v. West Virginia State College*, 201 W.Va. 527, 498 S.E.2d 720 (the proper remedy for reversible due process procedural defects in administrative proceedings is to remand the case to the appropriate tribunal with directions to order the administrative institution to remedy the defect.)

Law" did not advise the physician that he may pursue any available appeal of the Mutual's decision; and 3) a hearing tribunal composed of members of the Mutual's board of directors is not "unbiased." On November 7, 2007, Appellant filed a response, wherein it again voiced its objection and requested that the matter be remanded to the Appellant for further proceedings on the basis that an evaluation of the Mutual's Hearing Procedures was not ripe for consideration. A hearing was held and further briefs were provided by the parties.

On January 9, 2008, the circuit court issued a letter to Appellant's counsel instructing the Appellant that it had approved the Recommended Protocols for an Appropriate Review Process of a Decision by the Appellant, with three "major changes." Specifically, the circuit court ordered that: 1) the procedures developed by the Appellant be changed so that the burden of proof as to the reason for non-renewal would be on the Appellant; 2) that a provision be added to require the Appellant to inform an affected physician as to the scope of any appellate review; and 3) that the composition of the tribunal described in Item VIII of the proposed protocols provide a completely unbiased constituency, which did not include members of the Board of Directors of the Appellant.

On February 12, 2008, Appellant's counsel responded to the court's letter, objecting to the circuit court's attempt to alter the Mutual's hearing procedures. At a hearing on February 19, 2008, the parties and the Court agreed to address the issues which arose from the Court's January 9, 2008, letter by agreeing on an order to protect the record.

On March 6, 2008, the Appellant filed a motion to reconsider the circuit court's decision which was conveyed to the parties in its January 9, 2008, letter. It also filed a Motion for Entry of Order Remanding the Non Renewal to the Mutual for Further Hearing and a Motion for Entry of Order Granting Motion to Dismiss Pursuant to Rule 12(b)(6). Thereafter, on April 14, 2008, the circuit court issued an order formally amending the Appellant's hearing procedures and denying Appellant's motion for reconsideration. The order also denied the Mutual's Motion for Entry of an Order Granting its Motion to Dismiss and its Motion for Entry of Order Remanding the Non–Renewal to the Mutual for Further Hearing. It is from that final appealable order that the instant appeal arises.

## II. STANDARD OF REVIEW

The parties to this action assert opposing interpretations of this Court's mandate in the *Zaleski I* decision. The central issues in dispute are whether the circuit court erred in refusing to grant the Mutual's motion to dismiss, and in proceeding to address the content of the Mutual's hearing procedures for non-renewal of coverage before the hearing was conducted. We have held that "[a] circuit court's interpretation of a mandate of this Court and whether the circuit court complied with such mandate are questions of law that are reviewed *de novo*." Syl. Pt. 4, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003). Indeed, it would be contrary to common sense "to suggest that we must defer to what a trial judge inferred about our intent in what we wrote [in our mandate]." *Id.* at 810–811, 591 S.E.2d 736–737. With this standard of review in mind, we proceed to evaluate the parties' arguments.

## III. DISCUSSION

Appellant appeals from the circuit court's order 1) denying its motion for reconsideration of its motion to dismiss, or in the alternative, motion for summary judgment; 2) denying its motion for entry of an order granting its motion to dismiss pursuant to Rule 12(b)(6); and 3) denying its motion for entry of order remanding the non-renewal to Appellant for further hearing. Appellant also appeals from the circuit court's *sua sponte* order amending Appellant's non-renewal hearing procedures. Appellant seeks a reversal of the circuit court's rulings and a removal of Judge Recht from this case. Appellant also seeks its costs and expenses, including attorney's fees.

In it's assignments of error, Appellant first contends that the circuit court's refusal to grant any motion in favor of the Appellant or

to follow the mandate of this Court's decision in *Zaleski I* rises to the level of a violation of the Appellant's due process rights and calls for the need to reverse the circuit court's order and assign a new judge. It also as-serts that the circuit court committed revers-ible error because it lacked jurisdiction to address the content of the Mutual's due pro-cess hearing procedures for non-renewing coverage, and because it prematurely ad-dressed an issue that was not ripe for consid-eration by the court since Dr. Zaleski never requested a due process hearing from the Mutual. The Mutual also contends that the circuit court erred in holding that the due process procedures offered by the Mutual in response to this Court's June 27, 2007, opin-ion did not meet the minimum requirements of our prior decision in *Zaleski I*.

In response, Dr. Zaleski alleges that be-cause the Mutual never contended at the circuit court level that Judge Recht should be removed from the case, Appellant has waived this assignment of error. Alternatively, Dr. Zaleski argues that even if the argument had not been waived, no evidence exists in the record demonstrating that Judge Recht's re-moval is warranted. Dr. Zaleski asserts that the fact that the circuit court has made rul-ings adverse to the Mutual's position in this case does not prove that bias exists. Rather, Dr. Zaleski contends that the record demon-strates that Judge Recht has treated the Mutual with civility and fairness throughout the duration of the case. Additionally, Dr. Zaleski contends that the circuit court did not lack jurisdiction to address the content of the Mutual's hearing procedures, and that the court correctly determined that the Mu-tual's hearing procedures did not meet the requirements outlined in *Zaleski I*.

■ As an initial matter, we briefly ad-dress Appellant's argument that Judge Recht should be removed from this case. Appellant asserts that from the outset of the case,

Judge Recht has injected issues into motions that were not properly plead by counsel for Dr. Zaleski, improperly denied the Appellant any sort of procedural due process in the form of a hearing on key issues before the Court and uniformly found in favor of the Appellee. Appellant devotes a large portion of its brief to the argument that Judge Recht should be removed from the case because, as a cumulative effect of all of his actions throughout the duration of the case, dis-played bias against the Mutual. However, the Mutual did not present this argument to the circuit court or raise any concerns there-in. In fact, the Mutual never filed a motion to disqualify Judge Recht or in any way made the circuit court aware of its allega-tions of bias.

■ Because this argument is now being raised for the first time on appeal, we must necessarily find that the argument as to this record has been waived. The Appellant was required to bring any issue of possible bias before the circuit court so that it could evalu-ate its actions to determine the credibility of the allegations and respond to them accord-ingly.[10] This Court has "long held that theo-ries raised for the first time on appeal are not considered." *Clint Hurt & Assoc. v. Rare Earth Energy, Inc.*, 198 W.Va. 320, 329, 480 S.E.2d 529, 538 (1996). This Court will not consider nonjurisdictional questions that have not been considered by the trial court. *Id. See also Crain v. Lightner*, 178 W.Va. 765, 771, 364 S.E.2d 778, 784 (1987).[11] "The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been de-veloped in such a way so that a disposition can be made on appeal." *Clint Hurt & Assoc. v. Rare Earth Energy, Inc.*, 198 W.Va. at 329, 480 S.E.2d at 538. "[T]here is also a need to have the issue refined, developed,

10. We observe that West Virginia Trial Court Rule 17.01 requires that motions seeking the disqualification of a trial judge in a given matter be filed within 30 days after discovering the ground for disqualification. WVTCR 17.01 (2003). Obviously, this rule was not followed by Appellant herein.

11. Notwithstanding, assuming the argument had not been waived, we still find no merit to the Appellant's allegations of bias. There is simply not sufficient evidence currently in the record supporting Appellant's contention that Judge Recht has displayed bias in this matter depriving the Appellant of any due process and necessitat-ing his removal from the case.

and adjudicated by the trial court, so that we may have the benefit of its wisdom." *Id.*[12]

■ That aside, we now proceed to the two key issues that are at the heart of this controversy, whether, following our decision in *Zaleski I*, the circuit court erred in (1) refusing to grant the Mutual's motion to dismiss, and in (2) proceeding to address the content of the Mutual's hearing procedures for non-renewal of coverage before the non-renewal hearing on remand is conducted. Appellant believes that the *Zaleski I* decision dismissed the Appellee's damage claims and remanded the case back to the Appellant to conduct a non-renewal hearing under the Appellant's current hearing procedures, which it believes contains the due process safeguards required by Syllabus Point 8 of *Zaleski I*. Appellant alleges that based upon the outcome of that hearing, Dr. Zaleski, if dissatisfied, could then proceed to appeal the decision of the Appellant to the circuit court and the appeal process could begin. Conversely, Dr. Zaleski and the circuit court expansively interpret our prior decision to grant the court jurisdiction to evaluate, and if necessary, alter the hearing procedures of the Appellant before such hearing is conducted to ensure that the Mutual's procedures comply with Syllabus Point 8, and permit Dr. Zaleski to continue to pursue his damage claims. We find that the circuit court has, at least in part, committed reversible error on remand.

In our conclusion in *Zaleski I*, we specifically stated:

> In summary, we affirm the lower court's grant of partial summary judgment to Dr. Zaleski on state action grounds, but reverse the lower court's denial of Mutual's dismissal motion and order to reinstate insurance coverage. Therefore, the case is remanded to the Circuit Court of Ohio County with directions for that court to: (1) remand the question of non-renewal to Mutual for further hearing in conformity with this opinion, and (2) conduct such further proceedings not inconsistent with this opinion as may be required, including the resolution of any disputes which may arise in the course of the Mutual hearing on non-renewal.

Appellant now contends that because this Court reversed the lower court's denial of the Mutual's dismissal motion and order to reinstate insurance coverage, we essentially directed the lower court to dismiss the entire lawsuit filed by Dr. Zaleski, and thus, Judge Recht did not have jurisdiction to review the Appellant's due process hearing procedures. This argument fails for several reasons.

Although this Court's mandate expressly "reverse[d] the lower court's denial of Mutual's dismissal motion and order to reinstate insurance coverage", this Court specifically remanded this case to the circuit court, with direction that it "conduct such further proceedings not inconsistent with this opinion as may be required, including the resolution of any disputes which may arise in the course of the Mutual hearing on non-renewal." Thus, the specific direction was that, instead of proceeding immediately to trial, the Mutual was to be given the opportunity to conduct a non-renewal hearing that comported with due process in accordance with the requirements of Syllabus Point 8 of our decision. Although the procedural posture of the case on appeal required that we effectively reverse the circuit court's decision denying the dismissal motion in order to remand the case, at no time did this Court make a dispositive ruling "granting" the Mutual's motion to dismiss.

Indeed, if Appellant's motion to dismiss were to have been granted, the case would have concluded, and there would have been no need for this Court to ascertain whether the Mutual was a state actor, no need to remand the question of non-renewal to the Mutual, and no need for the circuit court to retain jurisdiction to conduct further proceedings or resolve disputes between the parties as necessary. Accordingly, based upon the express language of this Court's mandate in *Zaleski I*, we conclude that the

---

12. Were we to decide otherwise, a trial judge such as Judge Recht would be deprived of the opportunity to address claims seeking such judge's removal from a case and we would be deprived of such a response. We envision that such a scenario would turn disqualification into a strategic tool of enterprising attorneys to the detriment of our justice system.

circuit court did not commit reversible error in denying Appellant's reconsideration of its motion to dismiss, or in the alternative, motion for summary judgment, and in denying Appellant's motion for entry of an order granting its motion to dismiss pursuant to Rule 12(b)(6). The case should have remained, and is currently stayed on, the circuit court's active docket.

We do, however, find fault with the manner in which the circuit court has expansively interpreted this Court's mandate regarding its scope of jurisdiction on remand. Notwithstanding this Court's clear mandate directing the circuit court to remand the question of non-renewal to the Mutual for further hearing, and to resolve disputes "which may *arise in the course of the Mutual hearing* on non-renewal", the circuit court has exceeded its jurisdiction by requiring the parties to submit proposed hearing procedures and by amending the procedures prior to allowing the Mutual's non-renewal hearing to even take place. The delay occasioned by such actions is apparent. Well over two years after our decision in *Zaleski I*, there still has been no hearing.

The mandate of an appellate court in its order formally advising the lower court of its decision marks the end of appellate jurisdiction and the return of the case to the lower tribunal for such proceedings as may be appropriate. *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. at 808, 591 S.E.2d at 734. Moreover, "[a] circuit court has no power, in a cause decided by the Appellate Court, to re-hear it as to any matter so decided, and, though it must interpret the decree or mandate of the Appellate Court, in entering orders and decrees to carry it into effect, any decree it may enter that is inconsistent with the mandate is erroneous and will be reversed." *Id.* (*quoting* Syl. Pt. 1, *Johnson v. Gould*, 62 W.Va. 599, 59 S.E. 611 (1907)). "Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.* at Syl. Pt. 3. Furthermore, we have traditionally held that "courts will not ... adjudicate rights which are merely contingent or dependent upon contingent events, as distinguished from actual controversies." *Farley v. Graney*, 146 W.Va. 22, 29–30, 119 S.E.2d 833, 838 (1960). Likewise, "courts [will not] resolve mere academic disputes or moot questions or render mere advisory opinions which are unrelated to actual controversies." *Id.*

Indeed, a matter must be ripe for consideration before the court may review it. Courts must be cautious not to issue advisory opinions. In this case, the circuit court's abstract review of and decision to alter the Mutual's hearing procedures prior to the non-renewal hearing taking place violates this Court's long-standing principles of ripeness and the requirement that an actual case in controversy exist before a matter can be reviewed. In other words, the circuit court put the cart before the horse.[13]

On remand, the non-renewal hearing has not yet been conducted. Thus, as the Appellant correctly points out, the outcome of the non-renewal hearing is unknown at this time. After the hearing is conducted, Dr. Zaleski's professional liability policy could in fact be renewed, in which case no abstract objection to the procedures could ever become ripe for consideration by the circuit court. On the other hand, if the Mutual would decide not to renew Dr. Zaleski's insurance, the procedure could be addressed if the objection might change the outcome of the procedures. For these reasons, any review by the circuit court of the due process issues should occur only after the hearing has occurred. As anticipated, this case has been stayed on the circuit court's docket by virtue of the remand to the

---

**13.** To the extent that we find that the circuit court's review and alteration of the Mutual's hearing procedures was premature, it is not, at this juncture, necessary for this Court to address the remaining substantive issue presented by Appellant regarding whether the Mutual's proposed hearing procedures sufficiently meet the due process requirements set forth by this Court in *Zaleski I*. That issue may be properly addressed, if necessary, in a subsequent appeal following the Mutual's non-renewal hearing process.

Mutual for further hearing. However, after Dr. Zaleski is provided with a non-renewal hearing and a renewal decision is made, any issues concerning whether the hearing comported with due process requirements and the viability of the Complaint would have to be assessed at that juncture, if necessary.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the April 14, 2008, order of the Circuit Court of Ohio County is affirmed in part and reversed in part. The circuit court's denials of the Appellant's motion for reconsideration of its motion to dismiss, or in the alternative, motion for summary judgment, and the Appellant's motion for entry of an order granting its motion to dismiss pursuant to Rule 12(b)(6) are hereby affirmed. The circuit court's denial of the Appellant's motion for entry of order remanding the non-renewal to Appellant for further hearing is hereby reversed and remanded with directions. Appellant's request for costs and expenses, including attorney's fees, is denied.

**Affirmed in part, reversed in part.**

Justice WORKMAN dissents and reserves the right to file a dissenting opinion.

Justice KETCHUM concurs and reserves the right to file a concurring opinion.

KETCHUM, J., concurring:

I concur because we are bound by "the law of the case" as set out in *Zaleski v. West Virginia Physicians' Mut. Ins. Co.*, 220 W.Va. 311, 647 S.E.2d 747 (2007) ("*Zaleski I.*")

**However, *Zaleski I* was plainly wrong.** It held that West Virginia Mutual Insurance Company ("W.Va. Mutual") is a "state actor" and, therefore, Dr. Zaleski was entitled to a due process hearing concerning the December 22, 2004 non-renewal of his malpractice insurance policy.

W.Va. Mutual was authorized and created by statute as a private corporation. It initially borrowed State money, and the State temporarily exercised some control over the company. However, the State gave up all control over the company as of June 30, 2004.

*W. Va.Code*, 33–20F–5(d) [2006] provides that, as of July 1, 2004, the provisional board of directors shall be replaced by a permanent board of directors which are not appointed by the State, but are rather "chosen in accordance with the articles of incorporation and bylaws of the company." Further under *W. Va.Code*, 33–20F–4(a) [2006], W.Va. Mutual is a "domestic mutual insurance company" owned by its policyholders; the only policyholders are physicians licensed to practice medicine in this State.

Plainly, the State has had no control over W.Va. Mutual since June 30, 2004, and had no control when Dr. Zaleski's policy was not renewed in December 2004.

*Zaleski I* is not only contrary to the views of various legal commentators, but is also contrary to the U.S. Supreme Court decision in *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995). This case holds that when a corporation is created by legislation for government objectives, it is not a "state actor" if the government does not retain permanent authority to appoint a majority of its board of directors. Federal courts have consistently held that, for due process purposes, "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action[.]" *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 181 (4th Cir.2009) (*quoting Wahi v. Charleston Area Medical Center, Inc.*, 562 F.3d 599, 616 (4th Cir.2009)) (*quoting DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir.1999)).

Because *W. Va.Code*, 33–20F–1, *et seq.*, created a domestic private corporation which the State does not control, the due process hearing requirements imposed on W.Va. Mutual by *Zaleski I* are improper. The only process due to a doctor for termination of a malpractice insurance policy is spelled out in *W. Va.Code*, 33–20C–1, *et seq.*, regarding the cancellation or non-renewal of malpractice insurance policies. *Zaleski I*'s requirement of a separate due process procedure for cancellation or non-renewal of W.Va. Mutual's malpractice insurance policies is clearly wrong.

In the future, I believe the Court should revisit *Zaleski I*, strictly apply our law creating W.Va. Mutual (as set forth in *W. Va. Code*, 33–20F–1, *et seq.*), and consider overruling the decision.