# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Orban S.,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0532** (Fayette County 16-C-165)

**Charles Williams, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Orban S., by counsel Andrew Shumate, appeals the Circuit Court of Fayette County's May 15, 2018, order denying his petition for a writ of habeas corpus.[1] Respondent Charles Williams, Superintendent, by counsel Benjamin F. Yancey III, filed a response.[2] Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial on April 20, 2010, petitioner was convicted of the second-degree sexual assault of A.L.M. A.L.M. reported that, at approximately 6:15 a.m. while waiting in the rain for her school bus on the morning of April 10, 2009, petitioner stopped and offered her a ride to school.[3] A.L.M. accepted, and petitioner drove her to an area with abandoned milk trailers. A.L.M.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner listed Michael Martin, former acting warden of Huttonsville Correctional Center, as respondent in this matter; however, since the filing of his petition, Charles Williams has been named superintendent of Huttonsville Correctional Center. Additionally, effective July 1, 2018, the positions formerly designated "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3. The appropriate party has been substituted pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[3] At the time of this crime, the victim was sixteen years old and petitioner was forty-eight years old.

1

sensed danger and, when petitioner stopped the vehicle, she ran into one of the trailers. The trailer did not have a lock on the door, however, and petitioner followed A.L.M. into it and proceeded to push her to the floor, remove her pants and underwear, and sexually assault her. Following his conviction, the circuit court sentenced petitioner to an indeterminate term of not less than ten nor more than twenty-five years of incarceration.

Petitioner filed a direct appeal with this Court. *See State v. S*[.], 233 W. Va. 84, 755 S.E.2d 1 (2014). Of relevance to his instant habeas, petitioner claimed in his direct appeal that he was denied his right to compulsory process guaranteed by the Sixth Amendment to the United States Constitution by the circuit court's denial of his right to compel a defense witness to testify on his behalf. *Id.* at 87, 755 S.E.2d at 4. The facts underlying this assignment of error were that, at 8:57 on the morning of trial, the State learned that petitioner intended to call Bryan Arrington, petitioner's coworker, to testify that he was with petitioner from 6:25 a.m. to 7:30 a.m. on the date of the sexual assault. *Id.* Accordingly, the State moved to exclude Mr. Arrington as a witness because, under Rule 12.1 of the Rules of Criminal Procedure, alibi witnesses must be disclosed no later than ten days prior to trial. *Id.* The trial court granted the State's motion but allowed defense counsel to vouch the record as to what Mr. Arrington's testimony would have been. *Id.*

In vouching the record, petitioner acknowledged that Mr. Arrington's testimony would have been "limited." *Id.* Mr. Arrington "indicated that he had no specific recall of the date in question," but stated that if his work time cards revealed that both he and petitioner were at work on the date of the sexual assault, "then we rode together [as petitioner] was my only ride." *Id.* Mr. Arrington also stated that petitioner typically picked him up for work between 6:25 and 6:30 a.m., and their workday began at 7:30 a.m.

This Court found no abuse of discretion in the trial court's decision to exclude Mr. Arrington's testimony at trial. *Id.* at 89, 755 S.E.2d at 6. This Court noted that

> Mr. Arrington's only value as a witness, given his total lack of recall of the date in question, was to suggest that the petitioner could not have had time to commit the alleged sexual assault between when he picked ALM up from the school bus stop and when he later picked up Mr. Arrington.

*Id.* But petitioner failed to prove that Mr. Arrington was at work on the date of the sexual assault as only two illegible time cards were submitted as part of the record, and there was no evidence that Mr. Arrington actually reported to work on the date in question. *Id.* Recognizing that Rule 12.1 does not "limit the right of the defendant to testify," this Court also stated that "[h]ad Mr. S[.] chosen to testify as to the impossibly short window of time during which the assault could have occurred, he could have taken the stand to so testify." *Id.* Accordingly, this Court affirmed petitioner's conviction and sentence. *Id.* at 91, 755 S.E.2d at 8.

Following his direct criminal appeal, petitioner filed his first petition for a writ of habeas corpus. Without appointing counsel or holding a hearing, the circuit court denied the habeas petition. Petitioner appealed to this Court. *See S*[.] *v. Plumley*, No. 15-0326, 2016 WL 700645 (W. Va. Feb. 19, 2016)(memorandum decision). Relevant to his current appeal, petitioner argued that he was denied effective assistance of counsel when trial counsel did not object to the trial court's

refusal to allow Mr. Arrington's testimony. *Id.* at *2. In addressing this claimed error, this Court recounted that it had already concluded in his direct appeal that "petitioner failed to prove the relevance or reliability of the alibi witness's proffered testimony." *Id.* at *3. Thus, because this Court previously resolved the issue surrounding Mr. Arrington's testimony, the Court "determine[d] that the circuit court did not err in finding that '[the] issue is not one which can now be used in support of a claim of ineffective assistance of counsel.'" *Id.* This Court also affirmed the circuit court's order denying his petition for a writ of habeas corpus on the other grounds raised. *Id.* at *3.

Following the resolution of his first habeas proceeding, petitioner filed a second petition for a writ of habeas corpus, which is the subject of this appeal.[4] After the circuit court appointed counsel for his habeas proceeding, petitioner filed an amended habeas petition, and the court held an omnibus evidentiary hearing on October 23, 2017.

Once the parties appeared for the omnibus evidentiary hearing, petitioner informed the court that Mr. Arrington had been subpoenaed. But petitioner also acknowledged, "Out of candor to the [c]ourt, that issue was raised." Petitioner submitted that "if the [c]ourt would allow his testimony today, [it] could come in under the cumulative effect of numerous errors." The court responded, "I think the Supreme Court says that was not error. . . . I don't know that I can say to the Supreme Court you're wrong, it was error." Ultimately, the court decided that

> [t]he Supreme Court has ruled that the [trial] [c]ourt's action in excluding Mr. Arrington was not error and so therefore this [c]ourt's not going to hear a bunch of testimony from Mr. Arrington as it would—that issue has been previously litigated. It's res judicata, this particular issue. And so therefore I'm not going to permit Mr. Arrington to testify as to matters that the Supreme Court's already said was not error for the [c]ourt to exclude.

Nancy Fraley, petitioner's trial counsel, testified at the hearing. Ms. Fraley testified regarding juror Lori Tabit, who disclosed a social relationship with the prosecuting attorney during voir dire. Ms. Fraley testified that the record does not reveal questioning from her or the trial court concerning the extent of this relationship, but the court did ensure that Ms. Tabit could "give both sides a fair and impartial trial" and that the relationship would not "in any way bias or prejudice her for or against the State's case." Ms. Fraley also indicated that petitioner was involved in the juror selection process and consented to keeping Ms. Tabit on the jury.

With respect to Mr. Arrington, Ms. Fraley testified that he "kind of resurfaced too close to trial to do a proper disclose." Ms. Fraley had hired a private investigator to assist her with preparing for trial, but he was unable to locate Mr. Arrington during their preparation.

---

[4] Petitioner's first habeas proceeding does not operate as a bar to his current proceeding because he was not afforded an omnibus habeas corpus hearing with the assistance of counsel and because the issues raised here are not identical to those raised in his first habeas proceeding. *See* syl. pt. 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

3

When petitioner testified, he denied having consented to Ms. Tabit's service on the jury, claiming that Ms. Fraley "overrode" his decisions. Petitioner also offered testimony on statements made by the prosecutor that he claimed were unfairly prejudicial. Specifically, petitioner argued that the prosecutor "slander[ed] my name" by stating that petitioner "put another notch on my bedpost." Petitioner did not take issue with any other statements made by the prosecutor.

The circuit court denied petitioner habeas relief on May 15, 2018. Although petitioner raised several claims in the instant habeas proceeding, he only challenges the court's rulings related to his claims of ineffective assistance of counsel and prejudicial statements from the prosecutor. As to these issues, the court found that petitioner's ineffective assistance of counsel claim related to trial counsel's failure to further inquire into the social relationship disclosed by Ms. Tabit was meritless due to the trial court's questioning of that juror to ensure her ability to render impartial service. The court, likewise, found no merit to petitioner's ineffective assistance of counsel claim related to a failure to timely disclose Mr. Arrington. Because Mr. Arrington's proposed testimony was "speculative, uncertain, and of no significant value," it was unlikely to produce a different result at trial. Finally, the court found that the prosecutor's remark concerning another notch in petitioner's bedpost was merely "a reflection of the [p]etitioner's nonchalant attitude about the incident," based on petitioner's statement to law enforcement, which was played to the jury. In his statement, petitioner claimed that the intercourse with the victim was consensual, but he had difficulty identifying her name. The court also observed that the victim's testimony alone provided sufficient proof to support petitioner's conviction. It is from this order that petitioner appeals.

We apply a three-pronged standard of review to challenges of a circuit court's order denying habeas relief: "'We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.' Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006)." Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

Petitioner raises two assignments of error on appeal. In his first, he argues that the court improperly prohibited Mr. Arrington from testifying and erroneously concluded that the testimony would be irrelevant and precluded under res judicata. Petitioner claims that Mr. Arrington's testimony was relevant to his ineffective assistance of counsel claim in that Mr. Arrington "could have testified about his availability during the case and about any attempts that . . . trial counsel made or did not make to ascertain his knowledge about the matter."

Even if petitioner could establish that counsel rendered ineffective assistance in attempting to procure Mr. Arrington's trial testimony, petitioner is unable to establish that he was prejudiced by that ineffective assistance.[5] To succeed on an ineffective assistance of counsel claim, one must establish not only deficient representation but also that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995); *see also s*yl. pt. 5, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995) (noting that the failure to establish

---

[5] As more fully set forth below, we find no error in the circuit court's conclusion that trial counsel was not ineffective in this regard. For purposes of addressing the argument raised, however, we assume that petitioner has established otherwise.

either deficient representation or prejudice is fatal to an ineffective assistance claim). As we noted in petitioner's direct appeal, Mr. Arrington's testimony would have been "limited," and he "had no specific recall of the date in question." [*S.*], 233 W. Va. at 87, 755 S.E.2d at 4. Taking into account this Court's prior findings regarding the value of Mr. Arrington's trial testimony—and the corresponding implications on petitioner's ability to establish that Mr. Arrington's testimony would have altered the result of his trial—we find no error in the court's decision to disallow his testimony as irrelevant.

Next, petitioner separately assigns as error the circuit court's denial of his ineffective assistance of counsel claim. In support, he argues that counsel was ineffective in failing to investigate the possible alibi defense that Mr. Arrington allegedly provided, failing to question Ms. Tabit regarding her "social relationship" with the prosecutor, and failing to object to the prosecutor's "unfairly prejudicial" statements in his closing argument.

As set forth above,

> claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*Miller*, 194 W. Va. at 6, 459 S.E.2d at 117, syl. pt. 5, in part. And

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professional competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, syl. pt. 6.

With regard to Mr. Arrington, petitioner claims that no reasonable attorney would have "intentionally fail[ed] to investigate" Mr. Arrington's potential defense and that trial counsel provided deficient representation by "only sen[ding] an investigator to briefly interview" him. Petitioner maintains that Mr. Arrington "would have presented a strong alibi defense."

We find no error in the court's conclusion that counsel did not render deficient performance in attempting to procure Mr. Arrington's testimony. At trial, counsel explained that Mr. Arrington "was interviewed in a timely manner during the defense's preparation of this case. And at that time, he told us that he didn't remember whether he rode with my client or not in the month of April of last year." Considering Mr. Arrington's lack of knowledge when initially interviewed and the subsequent difficulty in locating Mr. Arrington, petitioner has failed to demonstrate that

counsel's actions were "outside the broad range of professional competent assistance." *Id.* Importantly, we also note that petitioner did not deny engaging in sexual conduct with the victim; rather, he claimed that the sex was consensual. Thus, Mr. Arrington's anticipated testimony would not have presented the "strong alibi defense" petitioner claims, and his claim fails, too, under the second prong of the *Miller/Strickland* test.

As to petitioner's ineffective assistance of counsel claim related to Ms. Tabit, we similarly find no error in the court's conclusion that this claim lacks merit. The trial court questioned Ms. Tabit to ensure that she could render fair and impartial service, and she confirmed that she could. Where a trial court specifically questions a prospective juror who has indicated a familiarity or acquaintanceship with a trial witness about any resultant bias or prejudice, we have found no ineffective assistance of counsel, even where counsel independently failed to inquire. *See State ex rel. Boso v. Hedrick*, 182 W. Va. 701, 706, 391 S.E.2d 614, 619 (1990) ("Thus, in view of the trial court's specific inquiries [regarding bias or prejudice], we cannot conclude that the defendant's counsel was ineffective for failing to conduct further voir dire of these three jurors.").

Finally, with respect to petitioner's ineffective assistance claim regarding the allegedly prejudicial statements made by the prosecutor in closing, we first note that the only remark petitioner challenged below concerned the notch on his bedpost. On appeal, however, petitioner challenges other statements made concerning the victim's attire, petitioner's trial counsel, and the changing times. Because petitioner did not challenge these statements below, we decline to consider them now. *See Zaleski v. W. Va. Mut. Ins. Co.*, 224 W. Va. 544, 550, 687 S.E.2d 123, 129 (2009) (finding that petitioner waived an argument that was raised for first time on appeal).

The circuit court concluded that petitioner suffered no prejudice as a result of the statement concerning his bedpost because the victim's testimony alone provided sufficient proof to convict petitioner and the comment was merely "a reflection of the [p]etitioner's nonchalant attitude about the incident" displayed by him in his statement to law enforcement—the statement in which petitioner admitted to having sex with the victim. In view of these facts, petitioner failed to demonstrate that the result of his trial would have been different had counsel objected to this remark.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

6