# CHARLESTON.

C. P. MOORE *v.* K. C. HUTCHINSON, *et als., etc.*

(No. 6352)

Submitted April 16, 1929. Decided April 23, 1929.

*W. L. Taylor and J. L. Wolfe*, for plaintiff in error.
*Harper & Baker*, for defendants in error.

Woods, President:

Moore claims that in the summer of 1926 he sold a stock of hardware merchandise to Hutchinson and Kyer as a partnership trading under the name of Kyer & Company; that he and Kyer, acting under instructions from Hutchinson, made an inventory of the stock of goods which amounted to $14,-832.75; that it was agreed that $10,000.00 was to be paid at once, and the balance of $4,832.75 should be paid on May 1, 1927; and that shortly after the goods were delivered to Kyer & Company, Hutchinson repudiated the partnership contract and refused to pay the cash price agreed upon. Thereupon Moore sued Hutchinson and Kyer as partners, recovering a judgment against them for the cash payment, which was affirmed in this Court on the ground that the matters in con-

troversy between the parties were jury questions, and that there was no reversible error in the record. Hutchinson filed a special plea in that case denying the partnership. *Moore* v. *Hutchinson, et al., etc.,* 104 W. Va. 403. After the decision of this Court, an execution issued; and, on a sale thereunder by the sheriff, the entire stock of goods brought $4,000.00. Hutchinson paid the balance due on the judgment.

The present action was instituted to recover $4,832.75, the balance of the purchase price, which according to the plaintiff's claim was due May 1, 1927, together with interest, and rent on a store building. The evidence on behalf of the plaintiff is practically the same as that introduced in the former case. He filed the pleas and the judgment entered therein, and testified that the contract sought to be established is the same. Hutchinson, as in the other case, filed pleas denying the partnership and denying any indebtedness to Moore. He was permitted to prove from an inspection of the goods made about the time of the sheriff's sale and nearly two years after the alleged sale of the partnership that some of the goods at least were in a bad condition and not worth more than half of the price at which they were invoiced. The jury found in favor of the defendants.

The right to entertain this appeal is challenged by the defendant Hutchinson on the ground that there was no final judgment entered in the case. The verdict of the jury was a general one for the defendant. Upon this verdict the court entered judgment as follows: ''The court, being of opinion that the defendants are entitled to recover their costs in this action, doth proceed to render judgment upon said verdict returned in this case, it is considered by the court that the plaintiff take nothing and that the defendant K. C. Hutchinson and J. L. L. Kyer do recover of and from the plaintiff C. P. Moore their costs by them expended in their proper defense of this action, including a docket fee of ten dollars.'' Counsel for the defendant assert that this amounts to merely a judgment for costs. If this were true, their position would be well taken. As we view it, however, when read in the light of the verdict, it amounts to a judgment of *nil capiat* and giving costs to the

defendant by reason of the verdict. It is not open, therefore, to the claim that there is no final judgment in the case.

It seems clear from the record that the agreement, if any, was to pay market price plus carriage for the goods involved in this case. The plaintiff introduced evidence to this effect, and the instructions given to the jury at the instance of the defendant likewise were based on this assumption. The plaintiff introduced an itemized list of the goods included in the spring dating, which, according to his testimony, was itemized at "market value plus carriage", and in a few instances at cost and carriage—a figure more favorable to the defendant. In answer to this, the defendant testifies that he saw the goods practically two years after the invoice, and that they were not worth more than fifty per cent. of the invoice price, and in order to support his testimony certain paint cans bearing soiled labels taken from a store in Parkersburg, and presumably from the stock sold by the plaintiff, were introduced to show the jury that the same was of little or no value. All this testimony was objected to. The rule is laid down in 35 Cyc. 568, 569, that in determining the value of goods, evidence as to the market price at places other than the place of sale is not admissible, and it cannot be shown what was the market price at an unreasonable time after the sale. See also 2 Jones Com. on Ev. (2nd Ed.) sec. 702. This Court held, in *Boyd & Co.* v. *Gunnison,* 14 W. Va. 1, that in ascertaining the value of personal property on the day of delivery at a certain place, it is proper to hear evidence of the market value thereof within a reasonable time both before and after such day. In the case of *Vickery* v. *Evans,* 16 Ind. 331, evidence as to the price a year after the sale was held to be inadmissible. But in all cases, as a condition precedent to admissibility, it should appear that the condition of the article has remained substantially the same since the day of the sale. 3 Jones Com. on Evidence (2nd Ed.) page 2552. The evidence complained of does not meet the aforesaid requirements, and was therefore improperly admitted. The "market value" of the goods at the time of the invoice being a vital issue, the admission of such evidence was particularly damaging to the plaintiff's case.

Another point of error urged by the plaintiff is that de-

fendant's instructions Nos. 1, 2 and 3, which are binding, ignore the claim of the plaintiff that the partnership received the goods and appropriated them to its uses. We have repeatedly held that a binding instruction which omits an essential element of the adversary's case is erroneous and such error is not cured by other instructions even though they submit such element to the jury. *Blackwood* v. *Monongahela Valley Traction Co.*, 96 W. Va. 1. Under the facts, here we cannot say that the error is harmless.

So far as the transaction was concerned the issue of partnership was irrevocably established by the other suit. If there was anything due the plaintiff on the deferred payment of the purchase price of the stock of goods, it was the debt of the partnership. But to avail the plaintiff in this suit of anything as a bar on this issue, it must be pleaded. But a defendant has the right to elect whether he will present his defense as a former adjudication of the plaintiff's suit, by way of a special plea of *res adjudicata,* or rely upon the defense as evidence on the trial under a plea of the general issue. *Brown* v. *Cook,* 77 W. Va. 356. A judgment upon this issue, which if pleaded, would have been a perfect bar, when used as evidence under the general issue, is not conclusive on the jury, but only evidence to be weighed by them. We are committed to this latter doctrine by the last mentioned case. In that case we adhered to the common law rule, which has been followed by the court's decisions in the parent state. *Cleaton* v. *Chambliss,* 6 Rand. 95. The plaintiff in the instant case filed no plea of *res adjudicata* in defense to the defendants' plea denying partnership, but by the instructions requested and given to the jury submitted the question of partnership to the jury. What is the effect of the verdict? Counsel for plaintiff now argue that the former judgment on the question is binding on principles, if not of *res adjudicata,* of *stare decisis.* This is true unless we can say that there has been a material change in the evidence on this issue. *Pickens* v. *Lumber Company,* 66 W. Va. 10; *Talley* v. *Drumheller,* 143 Va. 439. Whether the finding of the jury was contrary to the law and the evidence on this particular issue (if at all possible to determine under the present state of the pleadings) need not be con-

sidered or determined here, as this case must be reversed and remanded for a new trial for the reasons already given, and for the further reason that the pleadings on another hearing may not accord with those considered here.

Under the view we have taken of the case, it is unnecessary to notice further in detail the assignments of error.

*Reversed and remanded.*