115 S.E.2d 320 (1960)
Estol MULLINS
v.
Charlie C. GREEN et al.
No. 12000.
Supreme Court of Appeals of West Virginia.
Submitted May 3, 1960.
Decided July 12, 1960.
*322 D. Grove Moler, Ray Toler, Mullens, for appellants.
Paul D. Blackshear, Pineville, Kingdon & Kingdon, Arthur Ritz Kingdon, Mullens, for appellee.
*321 HAYMOND, Judge.
In this suit in equity instituted in the Circuit Court of Wyoming County in August 1956, the plaintiff, Estol Mullins, under the allegations set forth in his bill of complaint and amended bill of complaint, originally sought to obtain from the defendants, Charlie C. Green, Charlie C. Green, Executor of the Will of John W. Green, deceased, Minnie Green, Luther Green, Calvin Green, John W. Green, II, Faye Green Bennett, Mason Green, and Mattie Green Stewart, widow and heirs at law of Marton Green, deceased, Hope Natural Gas Company and Pocahontas Land Company, specific performance of a verbal agreement alleged to have been made in 1946 between the plaintiff and his grandfather, John W. Green, in his lifetime, by the terms of which John W. Green promised to devise to the plaintiff, in fee simple, an undivided interest in a tract of land containing approximately 225 acres in Wyoming County, owned by John W. Green at the time of his death in August 1952. Instead of complying with the alleged agreement, John W. Green, by his will probated in September 1952, devised the entire tract of 225 acres to his two sons Charlie C. Green and Marton Green.
By decree entered November 27, 1957, the circuit court awarded the plaintiff specific performance of the alleged verbal agreement to the extent of a one-twelfth interest in the 225 acre tract of land. Upon appeal to this Court the decree of November 27, 1957, was reversed and the case was remanded to the circuit court for further proceedings according to the principles stated and directions given in the written opinion and according to the rules and principles governing courts of equity. Mullins v. Green, W.Va., 105 S.E.2d 542. As the material facts are set forth in the opinion of this Court in that case, it is unnecessary to restate them on this appeal.
In reversing the decree of November 27, 1957, upon the first appeal of this case to this Court, this Court expressly found that the contract alleged in the amended bill of complaint of the plaintiff had not been established by full, clear and convincing evidence which is required by the decisions of this Court to establish a parol contract to devise real estate. Lantz v. Reed, 141 W.Va. 204, 89 S.E.2d 612; Gray v. Marino, 138 W.Va. 585, 76 S.E.2d 585; Davidson v. Davidson, 72 W.Va. 747, 79 S.E. 998. In the opinion upon the first appeal of this case this Court used this language: "It is the finding of this Court, upon the evidence in this record, that the contract alleged in the amended bill of the plaintiff has not been proved by the full, clear and convincing evidence which is required in such a case. The construction of the buildings by the plaintiff, and the other acts of the parties, may be explained in too many ways inconsistent with the terms of the alleged agreement. In Gray v. Marino, supra, we quoted with approval the following statement from Miller v. Miller's Ex'r, 2 Va.Dec. 97, 21 S.E. 471, 473, an early Virginia case, which is here reiterated: `It is a serious matter, when a man dies, for a claimant to come forward, and demand the estate, upon the ground that the deceased had in his lifetime verbally promised or agreed to make a will giving his estate to said claimant, and that, too, in the face of a will which has given it to some one else. Such a claim naturally excites surprise, and a court of equity will always require the clearest and most convincing proof to sustain such a claim.'"
Upon the remand of the case the circuit court, over the objection of the defendants, upon the amended bill of complaint which in connection with the claim of the plaintiff for specific performance contained a prayer *323 for general relief, permitted the plaintiff, in the absence of any pleading other than his amended bill of complaint, to assert and support by evidence heard by the court, the claim of the plaintiff, by way of alternative relief under the prayer for general relief, for the value of the permanent improvements erected by the plaintiff in 1947 upon the tract of land and to assert an account between the parties to this suit.
By its final decree entered August 8, 1959, the circuit court found that the alleged oral agreement by John W. Green in 1946 to devise to the plaintiff an undivided fee simple interest in the tract of land in controversy, though not specifically enforceable in this suit for lack of clear and convincing proof, had been established by a preponderance of the evidence, and that the plaintiff, having good and reasonable cause to believe that he was entitled to an undivided fee simple interest in the tract of land, had made valuable permanent improvements upon it in 1947; that the sum of $5,000.00 is allowable to the plaintiff as the present fair market value of the store and apartment building without any allowance for repairs and additions made by the plaintiff since the death of John W. Green; and, after allowing some small items in favor of the defendants as sets-off against the plaintiff, the circuit court further found that there was a net balance of account due from the defendants to the plaintiff in the sum of $4,478.51 and rendered judgment in favor of the plaintiff in that amount, made such judgment a lien upon the tract of land, and ordered its sale at public auction by special commissioners appointed for the purpose upon failure of the defendants to pay such judgment within thirty days from the date of the entry of the final decree.
From the foregoing decree this Court granted this appeal upon the application of the defendants other than Pocahontas Land Company, a corporation, which had been dismissed from this suit, and the defendant Hope Natural Gas Company.
The defendants seek reversal of the decree of August 8, 1959, on numerous grounds, but the principal errors assigned, which if well founded are controlling and decisive of this case on this appeal, are, in substance, that the circuit court failed to comply with the judgment of this Court, upon the first appeal, and was without jurisdiction, upon the allegations of the amended bill of complaint and under its prayer for general relief, to consider and determine the claim of the plaintiff for permanent improvements and to state an account between the plaintiff and the defendants with respect to the tract of land in controversy.
It was reversible error for the circuit court, upon the remand of this case, to find and determine, contrary to the holding of this Court upon the first appeal, that the alleged oral agreement by John W. Green to devise to the plaintiff an undivided interest in fee simple in the tract of land in controversy, though not specifically enforceable, had been established by a preponderance of the evidence. Though denying specific performance, this Court definitely held and determined, on the first appeal, as clearly set forth in the quoted portion of its opinion, that, because the evidence was not full, clear and convincing, such contract had not been proved and for that reason did not exist between the plaintiff and John W. Green. That holding of this Court is conclusive upon the plaintiff and the circuit court and is controlling upon that question. The general rule, recognized in many decisions of this Court, is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case. State v. Pietranton, 140 W.Va. 444, 84 S.E.2d 774; State ex rel. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81; Show v. Mount Vernon Farm Dairy Products, 128 W.Va. 598, 37 S.E.2d 459; Colerider v. Central National Bank of Buckhannon, *324 128 W.Va. 520, 37 S.E.2d 466; McIntosh v. Vail, 128 W.Va. 74, 35 S.E.2d 719; Meadow River Lumber Company v. Smith, 126 W.Va. 847, 30 S.E.2d 392; Tressler Coal Mining Company v. Klefeld, 125 W.Va. 301, 24 S.E.2d 98; Rash v. Norfolk and Western Railway Company, 122 W.Va. 688, 12 S.E.2d 501; William C. Atwater and Company v. Fall River Pocahontas Collieries Company, 119 W.Va. 549, 195 S.E. 99; Atlantic Bitulithic Company v. Town of Edgewood, 114 W.Va. 243, 171 S.E. 754; Kaufman v. Catzen, 108 W.Va. 1, 150 S.E. 371; Moore v. Hutchinson, 107 W.Va. 275, 148 S.E. 78; Roberts v. Lykins, 106 W.Va. 280, 145 S.E. 440; White v. Lazelle, 99 W.Va. 109, 128 S.E. 303; Keyser Canning Company v. Klots Throwing Company, 98 W.Va. 487, 128 S.E. 280; Ice v. Maxwell, 70 W.Va. 186, 73 S.E. 274; Pennington v. Gillaspie, 66 W.Va. 643, 66 S.E. 1009; Beecher v. Foster, 66 W.Va. 453, 66 S.E. 643; Johnson v. Gould, 62 W.Va. 599, 59 S.E. 611; Butler v. Thompson, 52 W.Va. 311, 43 S.E. 174; Wick v. Dawson, 48 W.Va. 469, 37 S.E. 639; Blake v. Ohio River Railroad Company, 47 W.Va. 520, 35 S.E. 953; Seabright v. Seabright, 33 W.Va. 152, 10 S.E. 265; McCoy v. McCoy, 29 W.Va. 794, 2 S.E. 809; Henry v. Davis, 13 W.Va. 230; Camden v. Werninger, 7 W.Va. 528. In McCoy v. McCoy, 29 W.Va. 794, 2 S.E. 809, this Court said: "If it appear by the record, that the point in controversy was necessarily decided in the first suit, whether upon demurrer or the facts in issue, it can not be again considered in any subsequent suit between any of the parties or their privies." In Johnson v. Gould, 62 W.Va. 599, 59 S.E. 611, the opinion contains this language: "No inquiry as to the soundness of the former decision herein can now be prosecuted. Right or wrong, it is the law of the case. Its binding force lies not in the rule stare decisis, but in the principle res judicata. It is a decision in the same case, forever and irrevocably determining the rights of the parties. No court now has any power or control over it other than the ascertainment of the intent and meaning of the decision, from the terms of the mandate, in entering such decrees as are necessary to carry it into effect." As the decision of this Court, on the question of the existence and the validity of the alleged oral contract became and is the law of this case, the circuit court should have complied with and followed that decision, and its failure to do so requires the reversal of the final decree. Instead of entering that decree upon the limited allegations and under the prayer for general relief of the amended bill of complaint, which were insufficient to sustain the decree, the circuit court should have dismissed this suit at the cost of the plaintiff without prejudice to him to seek a revovery for the value of his permanent improvements and a determination of any account between the parties in any proper proceeding for that purpose.
The final decree must also be reversed for the reason that upon the allegations of the amended bill of complaint and under its prayer for general relief the circuit court was without jurisdiction to grant the relief awarded the plaintiff by the decree. Many decisions of this Court hold that under the prayer for general relief the court should grant such relief as the cause of the plaintiff entitles him to receive when such relief is not inconsistent with his prayer for specific relief. Cable v. Cable, 132 W.Va. 620, 53 S.E.2d 637; Arnold v. Arnold, 125 W.Va. 314, 24 S.E.2d 102, 144 A.L.R. 1172; Cost v. MacGregor, 124 W.Va. 204, 19 S.E.2d 599, 140 A.L.R. 882; William C. Atwater and Company v. Fall River Pocahontas Collieries Company, 119 W.Va. 549, 195 S.E. 99; Gideon v. Putnam Development Company, 113 W.Va. 200, 167 S.E. 140; Crummett v. Crummett, 102 W.Va. 151, 135 S.E. 16; Blake v. Blake, 98 W.Va. 346, 128 S.E. 139; Blue v. Blue, 92 W.Va. 574, 116 S.E. 134, 30 A.L.R. 1169; Taylor v. Taylor, 76 W.Va. 469, 85 S.E. 652; Castle Brook Carbon Black Company v. Ferrell, 76 W.Va. 300, 85 S.E. 544; Custer v. Hall, 71 W.Va. 119, 76 S.E. 183; Waldron v. Harvey, 54 *325 W.Va. 608, 46 S.E. 603, 102 Am.St.Rep. 959; Stewart v. Tennant, 52 W.Va. 559, 44 S.E. 223; Hall v. Pierce, 4 W.Va. 107; Brown v. Wylie, 2 W.Va. 502. It is equally well established by the decisions of this Court in numerous cases, however, that in a suit in equity, relief can only be obtained under a prayer for general relief where there are supporting allegations and the relief sought is not inconsistent with the prayer for special relief. William C. Atwater and Company v. Fall River Pocahontas Collieries Company, 119 W.Va. 549, 195 S.E. 99; Selvy v. Selvy, 115 W.Va. 338, 177 S.E. 437; Kesterson v. Brown, 94 W.Va. 447, 119 S.E. 677; Blue v. Blue, 92 W.Va. 574, 116 S.E. 134, 30 A.L.R. 1169; Waldron v. Harvey, 54 W.Va. 608, 46 S.E. 603, 102 Am.St.Rep. 959; Vance Shoe Company v. Haught, 41 W.Va. 275, 23 S.E. 553; Pickens v. Knisely, 29 W.Va. 1, 11 S.E. 932, 6 Am.St.Rep. 622; Piercy v. Beckett, 15 W.Va. 444; Brown v. Wylie, 2 W.Va. 502; Sheppard's Ex'r v. Starke, 3 Munf. (17 Va.) 29, 39. A prayer for general relief will not support a decree unless the facts alleged and the nature of the case warrant it. State ex rel. Cecil v. Knapp, W.Va., 105 S.E.2d 569; State v. Bonham, 119 W.Va. 280, 193 S.E. 340; Waldron v. Harvey, 54 W.Va. 608, 46 S.E. 603, 102 Am.St.Rep. 959; Vance Shoe Company v. Haught, 41 W.Va. 275, 23 S.E. 553. It is clear that the allegations of the amended bill of complaint, on which the plaintiff relies to entitle him to specific performance of the alleged oral contract, are inconsistent with his claim that he is entitled to recover the value of the improvements which he placed upon the land and that he is entitled to a determination of an account between him and the defendants; for, if the plaintiff should be entitled to specific performance of the alleged oral contract he would become the owner of the land in controversy and of the permanent improvements which he placed upon it, and, of course, could not recover the value of such improvements. Manifestly the plaintiff is not entitled to, and can not be granted, the relief given him by the final decree, upon the allegations of his amended bill of complaint under its prayer for general relief.
The pleadings in a suit in equity or an action at law must be sufficient to support the judgment. State ex rel. Cecil v. Knapp, W.Va., 105 S.E.2d 569; Kinsey v. Kinsey, W.Va., 103 S.E.2d 409; Roy v. Bennett, 141 W.Va. 260, 89 S.E.2d 843; Cato v. Silling, 137 W.Va. 694, 73 S.E.2d 731; Bennett v. Bennett, 137 W.Va. 179, 70 S.E.2d 894; Wood v. Wood, 126 W.Va. 189, 28 S.E.2d 423; Kesterson v. Brown, 94 W.Va. 447, 119 S.E. 677; Simmons v. Yoho, 92 W.Va. 703, 115 S.E. 851; Simmons v. Simmons, 85 W.Va. 25, 100 S.E. 743; Black v. Crouch, 85 W.Va. 22, 100 S.E. 749; Jennings v. McDougle, 83 W.Va. 186, 98 S.E. 162; Conrad v. Crouch, 68 W.Va. 378, 69 S.E. 888. There can be no valid decree without proper pleadings to support it. State ex rel. Cecil v. Knapp, W.Va., 105 S.E.2d 569; Roy v. Bennett, 141 W.Va. 260, 89 S.E.2d 843; Wolford v. Wolford, 133 W.Va. 403, 56 S.E.2d 614; Cecil v. Karnes, 61 W.Va. 543, 56 S.E. 885; Waldron v. Harvey, 54 W.Va. 608, 46 S.E. 603, 102 Am.St.Rep. 959; Turner v. Stewart, 51 W.Va. 493, 41 S.E. 924; Keneweg Company v. Schilansky, 47 W.Va. 287, 34 S.E. 773; Martin v. Kester, 46 W.Va. 438, 33 S.E. 238; Coaldale Mining and Manufacturing Company v. Clark, 43 W.Va. 84, 27 S.E. 294; Goff v. Price, 42 W.Va. 384, 26 S.E. 287; Fadely v. Tomlinson, 41 W.Va. 606, 24 S.E. 645; Vance Shoe Company v. Haught, 41 W.Va. 275, 23 S.E. 553; Tavenner v. Barrett, 21 W.Va. 656.
In the leading case of Waldron v. Harvey, 54 W.Va. 608, 46 S.E. 603, 102 Am.St.Rep. 959, this Court held in point 2 of the syllabus that "Where there is no pleading to warrant a decree, or part of a decree, the decree, or such part of it, is not merely voidable, but void, as it is not on a matter in issue." The opinion in that case contains these pertinent statements: "`A decree is a conclusion of law from pleading and proofs, and where there is a *326 failure of either pleading or proofs there can be no decree.' Keneweg v. Schilansky, 47 W.Va. 287 [34 S.E. 773]; Vance Shoe Co. v. Haught, 41 W.Va. 275 [23 S.E. 553]. A decree, or any matter of a decree, which has no matter in the pleading to rest upon is void, because pleadings are the very foundation of judgments and decrees."
The final decree of the Circuit Court of Wyoming County is reversed and set aside and this cause is remanded to that court with directions to dismiss this suit at the cost of the plaintiff without prejudice to the plaintiff to seek a recovery for the value of the permanent improvements which he has placed upon the land in controversy and a determination of any account between him and the defendants in any proper proceeding for that purpose.
Reversed and remanded with directions.