# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Glenn Phillips and Alice Phillips,**
**Respondents Below, Petitioners**

**vs)   No. 13-0632** (Hancock County 04-P-53)

**James W. Davis, Jr.,**
**Petitioner Below, Respondent**

**FILED**

March 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Glenn Phillips and Alice Phillips, appearing *pro se*, appeal the October 15, 2012 order of the Circuit Court of Hancock County that directed the removal, sale by public or private auction, or destruction of the personal property left by petitioners on their real estate after it had been declared forfeited to the State. Respondent James W. Davis, Jr., Prosecuting Attorney of Hancock County, by counsel Christopher S. Dodrill, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In separate memorandum decisions, this Court affirmed the circuit court's summary judgment ordering the forfeiture of the subject real estate with respect to each petitioner. *See Glenn Phillips v. James W. Davis, Jr.*, No. 101326 (W.Va. Supreme Court, April 29, 2011) and *Alice L. Phillips v. James W. Davis, Jr.*, No. 101325 (W.Va. Supreme Court, April 29, 2011).[1] In related criminal proceedings that led to the forfeiture of the real property, Petitioner Glenn Phillips was convicted of one count of Manufacturing a Schedule I Controlled Substance (Marijuana) and Petitioner Alice Phillips was convicted of four counts of Manufacturing a Schedule I Controlled Substance (Marijuana).

On March 21, 2012, deputies of the Hancock County Sheriff's Department took possession of the real estate. In a July 23, 2012 amended motion for forfeiture, respondent described the situation as follows:

. . . [W]hen the officers legally took possession of the

---

[1] These decisions are conclusive as to the real estate forfeiture. *See* Rule 21(a), W.V.R.A.P. (memorandum decisions constitute decisions on the merits).

1

property, [petitioners] were requested to leave the property. They did so leaving behind nine (9) horses, two (2) trailers, and miscellaneous personal effects. At that time, they were advised that they could contact the Hancock County Sheriff's Department to retrieve their personal possessions, the horses, and the trailers in question. As of July 5, 2012, there has been no contact or attempt by [petitioners] to retrieve the property in question, or the horses. At the time of the seizure, the horses were found to be in need of medical and other treatment, which has been provided by Hancock County since the date of the seizure to the present time. Hancock County has incurred expenses, at least, in the amount of $2,556.75, for the maintenance and the care of the horses in question.

In the amended motion, respondent sought to have the horses and other personal property declared abandoned and to have Hancock County granted permission to permanently place the horses and appropriately dispose of the other property. Petitioners responded to respondent's motion and disputed his version of events. Petitioners averred that they were removed from the real estate at gun point and were never provided an opportunity to retrieve their personal property.

The circuit court held a hearing on respondent's motion on September 14, 2012, at which respondent appeared by counsel. Petitioners made no appearance. The circuit court asked respondent's counsel which party had noticed the hearing. Counsel stated that he did not know who had set the hearing, but that respondent had not received notice of the hearing. Counsel explained that the only reason respondent knew to appear was because someone from the Sheriff's Department had seen the hearing on the docket and then alerted respondent's office. Based on counsel's explanation, the circuit court surmised that petitioners must have noticed the hearing. Accordingly, the circuit court proceeded with the hearing and heard argument by respondent's counsel.

On October 15, 2012, the circuit court entered an order that granted respondent's motion. The order addressed "the personal property abandoned by [petitioners] at the time of the enforcement of the real estate forfeiture." The circuit court concluded (1) "[petitioners] were given ample opportunity to remove any personal property or items that they wished"; and (2) "[petitioners] have failed to retrieve their property . . . during which time the Hancock County's Sheriff's office has maintained [petitioners'] horses . . . and incurred out-of-pocket expenses . . . through June 2012 and additional expenses thereafter[.]" Accordingly, the circuit court ordered the removal, sale by public or private auction, or destruction of personal property left on the real estate. The circuit court attached to its order an itemized list of personal property the county was authorized to disposed of by the appropriate means.[2]

Petitioners appeal the circuit court's October 15, 2012 order directing the removal, sale by public or private auction, or destruction of their personal property. Petitioners assert that the

---

[2] Apart from the horses, respondent's counsel described most of the other items as "trash."

docket sheet demonstrates that the circuit court erred in finding that they had notice of the hearing. Respondent counters that nothing in the record undermines the circuit court's conclusion that petitioners were the parties who noticed the hearing.

"[A] person deprived of property must be afforded notice and a reasonable opportunity to be heard." *Anderson v. George*, 160 W.Va. 76, 78, 233 S.E.2d 407, 408 (1977) (action to recover livestock seized by humane officer). It is equally true that "[t]he application of due process requirements to given situations may call for careful judicial balancing of equally valid competing interests." *Id.* In the instant case, the competing interest is the deference regularly given to a lower court's findings. Here, that deference is given to the circuit court's finding that petitioners were the parties who noticed the September 14, 2012, hearing. *See* Rule 52(a), W.V.R.C.P. (In all matters tried without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous[.]"). After careful consideration of the record, including the docket sheet, this Court determines that the circuit court did not err in finding that petitioners were the parties who noticed the September 14, 2012 hearing.

This Court also accords deference to the circuit court's finding that "[petitioners] were given ample opportunity to remove any personal property or items that they wished," but failed to do so. The circuit court was aware of petitioners' position—that they were removed from the real estate at gun point and never given an opportunity to retrieve their personal belongings—because they had responded to respondent's motion in writing prior to the hearing. The circuit court was entitled to judge which party's version of the facts was more credible and rule accordingly. *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Therefore, this Court concludes that the circuit court did not err in authorizing Hancock County to appropriately dispose of the items of personal property petitioner left on the real estate.[3]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 14, 2014

**CONCURRED IN BY:**
Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] Respondent correctly points out that petitioners focused their brief on issues related to the forfeiture of the real estate, an issue not at issue in this appeal. Therefore, the Court has disregarded all such arguments by petitioners. *See* Syl. Pt. 1, *Mullins v. Green*, 145 W.Va. 469, 115 S.E.2d 320 (1960) ("The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case.").