# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark V. H., Respondent Below, Petitioner**

**vs)**    **No. 15-0350** (Putnam County 11-D-516)

**Dolores J. M., Petitioner Below, Respondent**

**FILED**

**November 13, 2015**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark V. H.,[1] pro se, appeals the order of the Circuit Court of Putnam County, entered March 20, 2015, denying petitioner's appeals of three separate orders of the Family Court of Putnam County. In the first order, entered January 2, 2015, the family court increased petitioner's parenting time with his child to include every Wednesday from 5:30 p.m. to 7:30 p.m., but eliminated petitioner's telephone visitation. In the second order, entered February 18, 2015, the family court directed petitioner to pay a sanction of $1,000 after petitioner filed his tenth motion to disqualify the family court judge. In the third order, entered February 20, 2015, the family court denied a series of motions filed by petitioner that essentially sought to overturn the court's January 2, 2015, order. Respondent Dolores J. M., pro se, filed a response.[2] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Because this case involves sensitive facts, we protect the identities of those involved by using the parties' first names and initials. *State ex rel. W.Va. Dept. of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2]Respondent also filed a motion to dismiss petitioner's appeal, arguing that petitioner is merely rehashing arguments from his previous appeal in *Mark V.H. v. Dolores J.M.*, 232 W.Va. 378, 752 S.E.2d 409 (2013). Because we address respondent's argument in our discussion of the merits of petitioner's present appeal, we deny respondent's motion to dismiss.

The parties are divorced and have one minor child, who was born on August 29, 2007. As is pertinent to this appeal, in *Mark V.H. v. Dolores J.M.*, 232 W.Va. 378, 385-86, 752 S.E.2d 409, 416-17 (2013), this Court affirmed the family court's January 22, 2013, order granting petitioner parenting time with the child every other Saturday and Sunday, beginning at 9:00 a.m. and ending at 8:00 p.m., with no overnights. This Court also affirmed the family court's order directing petitioner not to take the child from the State of West Virginia. *Id.* In so ruling, this Court noted petitioner's diagnosis of personality disorder and determined that the family court properly "recognized and emphasized that there exists potential for grave harm to this child" when he is in petitioner's care given petitioner's "confirmed propensity for interpersonal conflict." *Id.*

On December 18, 2014, the family court held a hearing on the parties' cross-motions for modification of the court's January 22, 2013, order regarding petitioner's parenting time.[3] Petitioner sought permanent custody of the child or, in the alternative, substantially more parenting time with the freedom to remove the child from this State. Respondent sought to restrict petitioner's parenting time with the child to supervised visitation. At the hearing, the family court heard the parties' testimony and the testimony of two witnesses presented by petitioner,[4] including petitioner's psychologist.[5] Subsequently, in a January 2, 2015, order, the family court (1) denied petitioner's request for permanent custody and his request to take the child out of West Virginia; (2) denied respondent's request to impose supervised visitation on petitioner; and (3) increased petitioner's parenting time with his child to include every Wednesday from 5:30 p.m. to 7:30 p.m., but eliminated petitioner's telephone visitation. The family court stated that the increase in petitioner's parenting time was because of petitioner's regular therapy sessions with a qualified mental health professional. The family court eliminated petitioner's telephone visitation because of the parties' ongoing tension over phone contact with the child and because of "[petitioner]'s frequent trouble when communicating by phone." Finally, the family court ruled that before petitioner's parenting time is increased again, petitioner must show that he has continued with therapy and refrained from his past aggressive behavior, noting that petitioner's psychologist "specifically declined to give any recommendation . . . regarding the expansion of [petitioner]'s time with his son."

Shortly after the December 18, 2014, hearing, petitioner filed his tenth motion for the family court judge's disqualification from his case. By an administrative order entered January 8, 2015, this Court's Chief Justice denied the disqualification motion and directed the family court judge to continue presiding in the case. On January 16, 2015, the family court directed a rule to show cause to petitioner ordering him to show why he should not be sanctioned for filing a frivolous motion. The show cause hearing occurred on January 27, 2015. Following the hearing, in

---

[3]We have viewed the video recording of the December 18, 2014, hearing.

[4]The family court's January 2, 2015, order states that in addition to taking testimony, the family court reviewed evidence and "relevant public records."

[5]Petitioner's other witness was the group care director at the Teays Valley Church of God in Scott Depot, West Virginia.

an order entered on February 18, 2015, the family court noted that petitioner's disqualification motion (1) raised issues already addressed numerous times by the family court, the circuit court, and this Court; (2) requested sanctions against the family court in the amount of $200 trillion; (3) demanded punitive damages in the amount of $1 billion; (4) referred to the family court judge as a "MENTALLY ILL PATHOLOGICAL LIAR" (emphasis in original); and (5) requested that the family court judge be immediately and permanently removed from the bench. The family court found that "[petitioner] has clogged the courts with frivolous, harassing, offensive and impossible demands and has exhibited little to no self-control." *See Mark V.H.*, 232 W.Va. at 384, 752 S.E.2d at 415 ("[Petitioner] has made a number of impossible-to-achieve and nonsensical requests and demands of the Family Court and this Court during the course of these proceedings.") The family court noted that petitioner was sanctioned on two prior occasions pursuant to Rule 11 of the West Virginia Rules of Practice and Procedure for Family Court and that petitioner was sanctioned $250 for the first incident and $500 for the second incident. Accordingly, because petitioner filed a tenth disqualification motion that was denied, the family court sanctioned petitioner in the amount of $1,000.

Shortly after the entry of the family court's January 2, 2015, order, petitioner filed four motions that essentially sought to overturn the court's January 2, 2015, order: (1) motion for out-of-state travel; (2) motion for access to the child's school; (3) motion for contempt; and (4) amended notice of completion (which sought more time with the child). In an order entered February 20, 2015, the family court denied the motions, finding that "despite having completed an anger management course, [petitioner]'s personality disorder continues to control his behavior and interactions with others and justifies a continued cautious approach" in increasing petitioner's parenting time.

Petitioner appealed the family court's January 2, 2015, February 18, 2015, and February 20, 2015, orders to the circuit court. The circuit court denied all three of petitioner's appeals in an order entered March 20, 2015, finding that none warranted the holding of a hearing. The circuit court stated the following:

> Pursuant to [the] established appellate framework, this Court finds no basis to disturb the Family Court's Orders; the Family Court's rulings are based on valid, applicable legal precedent as applied to the factual record of this matter. Accordingly, this Court finds neither a clearly erroneous finding of fact nor an abuse of discretion was committed by the Family Court and, therefore, **DENIES** [petitioner]'s *Petitions*.

(emphasis in original) Petitioner now appeals to this Court.

We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion

standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004).

<u>Family court did not abuse its discretion in denying petitioner's request</u>
<u>to substantially increase his parenting time</u>
<u>and denying petitioner's request to take the child out-of-state.</u>

Petitioner argues that his parenting time with the child should be substantially increased and that he should be allowed to remove the child from this State for recreation. "Although parents have substantial rights that must be protected, the primary goal ... in all family law matters ... must be the health and welfare of the children." Syl. Pt. 3, *In Re Katie S.*, 198 W.Va. 79, 82, 479 S.E.2d 589, 592 (1996); *see also Michael K.T. v. Tina L. T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child is the polar star by which decisions must be made which affect children."). Respondent asserts that petitioner's continuous attacks on the family court judge, the judicial system, and respondent proves that petitioner's personality disorder is not under control.

More specifically, petitioner complains that at the December 18, 2014, hearing, the family court improperly restricted his examination of his witnesses by preventing him from asking questions that contradicted statements made in an email petitioner sent in 2012. Petitioner also alleges that the email either never existed or was fabricated. The family court ruled at the hearing that the fact that petitioner's 2012 email existed and contradicted the basis for certain of petitioner's questions was established by its January 22, 2013, order that was subsequently affirmed in *Mark V.H.* In *Noland v. Virginia Insurance Reciprocal*, 224 W.Va. 372, 378, 686 S.E.2d 23, 29 (2009), we noted that the doctrine of law of the case "is equally applicable to issues that have been fully litigated in the [family] court," but not raised on appeal. (internal quotations and citations omitted). Therefore, we conclude that during the December 18, 2014, hearing, the family court properly prevented petitioner from asking questions that contradicted statements made in the 2012 email.

Second, petitioner contends that the examples of his behavior cited by the family court in its February 18, 2015, and February 20, 2015, orders were not based on facts properly in evidence. Even assuming, *arguendo*, that the family court considered incidents that it should not have, we find that any such error was harmless. In *Mark V.H.*, we determined that the child's best interests dictated that petitioner's parenting time be limited and restricted to this State. 232 W.Va. at 385-86, 752 S.E.2d at 416-17; *see* Syl. Pt. 1, *Mullins v. Green*, 145 W.Va. 469, 115 S.E.2d 320, 321 (1960) ("The general rule is that when a question has been definitely determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal or writ of error and it is regarded as the law of the case.").

West Virginia Code § 48-9-401(a) provides, in pertinent part, as follows:

[A] a court shall modify a parenting plan order if it finds, *on the basis of facts that were not known or have arisen since the entry of the prior order and were not*

4

*anticipated therein*, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

(emphasis added) To show that such a substantial change in circumstances occurred—i.e., petitioner is now better able to control his personality disorder and resulting behavior—petitioner presented the testimony of two witnesses. Both witnesses admitted that the information they had about the parties' case and petitioner's conduct came solely from petitioner, which the family court found diminished their credibility. As the family court noted, petitioner's psychologist "specifically declined to give any recommendation . . . regarding the expansion of [petitioner]'s time with his son." We determine that the family court did not clearly err in finding that petitioner did not demonstrate a substantial change in circumstances. Therefore, we conclude that the family court did not abuse its discretion in denying petitioner's requests for substantially more parenting time and to be able to take the child out-of-state.

<u>Family court did not abuse its discretion in sanctioning
petitioner $1,000 for filing a frivolous motion</u>

Before a party may be sanctioned pursuant to Rule 11 of the West Virginia Rules of Practice and Procedure for Family Court, a party must be given notice and an opportunity to be heard. W.Va. Rul. Prac. & Proc. Fam. Ct. 11(c). The family court issued a rule to show cause to petitioner and then provided him with a hearing on January 27, 2015; therefore, the court complied with Rule 11(c). However, petitioner contends that the family court was retaliating against him for filing a complaint with the Judicial Investigation Commission of West Virginia. We find that it is clear from the family court's February 18, 2015, order that the court sanctioned petitioner for filing his *tenth* motion, in which he sought the family court judge's disqualification. This Court's Chief Justice denied the motion on January 9, 2015. As we noted in *Mark V.H.*, "[petitioner's] disdain and rage . . . toward this Court, the entire court system and especially toward [the family court judge], has permeated a majority of his self-filed pleadings." 232 W.Va. at 384, 752 S.E.2d at 415. However, petitioner's impossible-to-achieve and nonsensical requests directed at the family court do not mean that he is entitled to file repetitive motions for the family court judge's disqualification. Therefore, we find that the family court properly imposed a sanction on petitioner for filing a frivolous motion.

"A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct[.]" W.Va. Rul. Prac. & Proc. Fam. Ct. 11(c)(2). The family court noted that petitioner was sanctioned on two prior occasions pursuant to Rule 11 and that petitioner was sanctioned $250 for the first incident and $500 for the second incident. Thus, we determined that the family court has implemented a graduated scale for sanctioning petitioner. We find this to be proper and conclude that the family court did not abuse its discretion in sanctioning petitioner in the amount of $1,000.

For the foregoing reasons, we affirm the circuit court's March 20, 2015, order denying petitioner's appeals of the family court's January 2, 2015, February 18, 2015, and February 20,

2015, orders. Finally, the Clerk of this Court is directed to issue the mandate in this matter forthwith.

Affirmed.

**ISSUED**: November 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II